United States District Court
Southern District of Texas
FILED

MAR 1 6 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

DIANA L. REECE,
  Plaintiff,

§
§
§
§
§
§
§

V.

§
§
§

CIVIL ACTION NO. **C - 00 - 112**

COLUMBIA/HCA HEALTHCARE
CORPORATION, COLUMBIA BAYVIEW
PSYCHIATRIC CENTER, AND BAY AREA
HEALTHCARE GROUP, LTD. d/b/a
CORPUS CHRISTI MEDICAL CENTER,
  Defendants.

§
§
§
§
§
§
§

## NOTICE OF REMOVAL

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW **Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center,** "Defendants" in the subject matter, and hereby petition this Court, under 28 U.S.C. §1441 and §1446, for removal of an action filed against them in the County Court at Law No. 1 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of this removal, Defendants would show this Court as follows:

1. On the 7th day of February, 2000, an action was commenced against Defendants under Cause No. 00-60205-1, styled *Diana L. Reece v. Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center.* Service of Plaintiff's Original Petition upon Defendants was had on the 18th day of February, 2000. Copies of the citation and original petition are attached hereto. Therefore, all parties are before this Court.

2.      On February 18, 2000, Defendant Columbia/HCA Healthcare Corporation was served with Plaintiff's Original Petition, the pleading necessitating this removal.

3.      By the filing of this petition, the above-described action is a civil action which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by the Defendant pursuant to provisions of 28 U.S.C. §1441(b), in that it arises under 29 U.S.C. §1001 - 1461.

4.      Plaintiff's Original Petition was filed in the State Court on or about February 7, 2000.  It seeks recovery for injuries allegedly suffered by Plaintiff Diana L. Reece in the course and scope of her employment with Defendants Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center and Columbia Bayview Psychiatric Center as well as for medical and wage benefits arising under the employer's qualified ERISA Plan.

5.      Prior to the date of the incident complained of, Defendant Columbia/HCA Healthcare Corporation established the Employee Health and Safety Program Plan (the "Plan"), with the inception date being December 1, 1995.  Defendants Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center and Columbia Bayview Psychiatric Center implemented this Plan effective December 1, 1995, thereby making all of its employees eligible participants in such Plan pursuant to its terms.  Plaintiff was involved in alleged on-the-job incidents on February 7, 1998, September 29, 1998, and January 16, 1999, and made a claim for benefits under the Plan.  Plaintiff received medical and wage benefits the Plan and was in all things a Plan participant.

6.      This benefit plan is an ERISA qualified plan and, as such, provided Plaintiff the forum for her sole exclusive remedies concerning the alleged wrongful denial of medical and wage benefits.  Because Plaintiff elected to participate, and received benefits from an existing, qualified, ERISA employee benefit plan, pursuant to *Metropolitan Life v. Taylor,*

CMPDF - www.festo.com

107 S.Ct. 1542 (1987), and *Ingersoll-Rand Company v. McClendon*, 498 U.S. 133, 111 S.Ct. 478 (1990), her state law claims are subject to ERISA preemption under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 - 1461. Accordingly, this Court's "federal question" jurisdiction is invoked.

7.   Section 513(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., provides that, with certain exceptions, the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

8.   Plaintiff was aware that her employer was not a subscriber under the Texas Workers' Compensation Act. Accordingly, when Plaintiff suffered an on-the-job injury, she sought benefits under the Plan rather than statutory benefits. Under *Ingersoll-Rand*, therefore, Plaintiff's claim for wrongful denial of benefits are expressly and implicitly preempted because such claims "relate to" an ERISA qualified "employee benefit plan". See, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987) (Employee's contract and tort claims were pre-empted as his claims "related to" an employee benefit plan, noting that the preemption clause is conspicuous for its breadth.); *Lee v. Dupont*, 94 F.2d 755, 756-57 (5th Cir. 1990); and, *Employer's Health Ins. Co. v. Leach*, 576 F.Supp. 2d 1062, 1066 (S.D. Tx. 1997).

9.   This Notice of Removal is timely filed in accordance with Title 28, United States Code, Section 1446(b), in that it is filed within thirty (30) days after the receipt by Defendants of a copy of the initial pleadings setting forth a claim for relief upon which this action is based.

10.     On filing of this Notice of Removal, Defendants will provide written notice to Plaintiff of this action and will file a copy of the Notice of Removal with the Clerk for the County Court at Law No. 1 of Nueces County, Texas.

11.     The County Court at Law No. 1 of Nueces County, Texas is located in the Southern District of Texas, Corpus Christi Division.

12.     The attachments accompanying this Notice of Removal constitute all process and pleadings and orders served by Plaintiff on the Defendants or filed in the State Court action by Defendants.

Dated this 15th day of March, 2000.

Respectfully submitted,

Kerry L. McGill - State Bar No. 13628700
**ATTORNEY FOR DEFENDANTS**

Of Counsel:
**MARTIN & ASSOCIATES, P.C.**
707 West 10th Street
Austin, Texas 78701
(512) 476-1696
(512) 469-7924 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2000, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon:

Ms. Diana L. Reece
Plaintiff Pro Se
1007 W. Yoakum
Kingsville, TX  78363

United States District Court
Southern District of Texas
FILED

MAR 1 6 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIANA L. REECE,<br>Plaintiff, | §<br>§<br>§<br>§<br>§ |
| V. | §<br>§ CIVIL ACTION NO. _____ |
| COLUMBIA/HCA HEALTHCARE<br>CORPORATION, COLUMBIA BAYVIEW<br>PSYCHIATRIC CENTER, AND BAY AREA<br>HEALTHCARE GROUP, LTD. d/b/a<br>CORPUS CHRISTI MEDICAL CENTER,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ |

## LIST OF COUNSEL OF RECORD

**For Plaintiff:**

Ms. Diana L. Reece, Pro Se
1007 W. Yoakum
Kingsville, TX 78363
(361) 592-6241 - Telephone

**For Defendant:**

Mr. Kerry L. McGill - State Bar No. 13628700
MARTIN & ASSOCIATES, P.C.
707 West 10th Street
Austin, Texas 78701
(512) 476-1696 - Telephone
(512) 469-7924 - Facsimile

United States District Court
Southern District of Texas
FILED

MAR 1 6 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIANA L. REECE,<br>  Plaintiff, | §<br>§<br>§<br>§<br>§ |
| V. | §<br>§<br>§ |
| COLUMBIA/HCA HEALTHCARE<br>CORPORATION, COLUMBIA BAYVIEW<br>PSYCHIATRIC CENTER, AND BAY AREA<br>HEALTHCARE GROUP, LTD. d/b/a<br>CORPUS CHRISTI MEDICAL CENTER,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. _____

## INDEX OF PLEADINGS FILED WITH NOTICE OF REMOVAL

1.  02/07/00   Plaintiff's Original Petition

2.  02/18/00   Citation

3.  03/13/00   Defendants' Original Answer, Affirmative Defenses, Special
              Exceptions and Original Counterclaim

4.  03/15/00   Notice of Filing Removal

STATE OF TEXAS  COUNTY COURT NO. _____/_____  COUNTY OF NUECES

DIANA L. REECE §
§
PLAINTIFF, §
§
§
VS. §
§ NO. *00-60205-1*
COLUMBIA/HCA HEALTHCARE §
CORPORATION, COLUMBIA BAYVIEW §
PSYCHIATRIC CENTER, AND THE BAY §
AREA HEALTHCARE GROUP, LTD., d/b/a §
CORPUS CHRISTI MEDICAL CENTER §
§
DEFENDANTS. §

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DIANA L. REECE, hereinafter called Plaintiff, complaining of Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd., d/b/a Corpus Christi Medical Center, hereinafter called Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### VENUE

Venue is in Nueces County for the reason Plaintiff's employment with Defendant was in Nueces County, Texas; Plaintiff's injuries of February 7, 1998, September 29, 1998, January 16, 1999, occurred in Nueces County, Texas; and Defendants have an office, agent, and representative, in Nueces County, Texas, and had such at the time of Plaintiff's injuries on February 7, 1998, September 29, 1998, and January 16, 1999.

Plaintiff has her residence in Kleberg County, Texas.

-1-



2000 FEB -1 P 2:11

CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
BY. _____ GC _____ DPTY

Defendants, Columbia/HCA Healthcare Corporation is incorporated under the laws of Delaware, with its home office at One Park Plaza, Nashville, TN 37202-0555. Defendant has no agent for process of service in Texas, and is amendable to process in this State and subject to the jurisdiction of this Court through the Texas Long Arm Statute, Tex.Civ.Prac. & Rem. Code §17.044(a)(1) and §17.045; Defendant does not maintain a regular place of business in the State of Texas; does not maintain a resident agent for service of process in the State of Texas, and has not designated an authorized agent upon whom service of citation may be made. Therefore, service of citation is made pursuant to the Texas Long Arm Statute and the Secretary of State may give notice to Columbia/HCA Healthcare Corporation at its' home office at One Park Plaza, Nashville, TN 37202-0555.

The agent for service for Defendant, Columbia Bayview Psychiatric Center, a business entity, is the parent corporation, Columbia/HCA Healthcare, with its home office at One Park Plaza, Nashville, TN 37202-0555, where it may be served with citation on the President of the Corporation.

The agent for service for Defendant, Bay Area Healthcare Group, LTD., d/b/a/ Corpus Christi Medical Center, is a Limited Partnership authorized to do business in the State of Texas, and was in fact doing business in the State of Texas on the date of the incident made the basis of this lawsuit, and service may be had on Prentice-Hall Corporation Systems, 800 Brazos, Austin, Travis County, Texas 78701, the registered agent for service.

## II.

## CAUSE OF ACTION NO. 1:

AN ACTION TO RECOVER DAMAGES BY REASON OF AN INJURY WHICH PLAINTIFF RECEIVED IN THE COURSE AND SCOPE OF HER EMPLOYMENT FOR DEFENDANTS ON FEBRUARY 7, 1998, SEPTEMBER 29, 1998, AND JANUARY 16, 1999.

-2-

On or about February 7, 1998, September 29, 1998, and January 16, 1999, while working in the course and scope of her employment for Defendants, at said Defendant's medical facility located at 6226 Saratoga, Corpus Christi, Nueces County, Texas 78414, Plaintiff was injured when working with violent inmates of said hospital when she attempted to control and assist these violent inmates. The negligent acts and omissions which proximately caused Plaintiff's injuries and damages constituted negligence as hereinafter set out:

1.  In failing to have sufficient employees on the floor at the time of Plaintiff's injuries so that at least two employees would be available to control each violent inmate.

2.  In failing to warn Plaintiff and other employees that they should not attempt to restrain, and assist violent inmates by themselves.

### III.

### INJURIES AND DAMAGES

As a result of the injuries hereinabove described, Plaintiff suffered severe injuries to the muscles, nerves, and bones of her back causing a condition known as Left Sacroiliac Joint Dysfunction and/or Protruded or Herniated Disk. She has incurred large bills for medical treatment to date, and in all reasonable probability will require large medical bills for treatment of her medical bills in the future.

As a result of her injuries she has had loss of income to date and has had loss of earning capacity in the future. She has undergone severe physical pain and mental suffering in the past, and will continue in all reasonable probability to endure the same in the future. She has had loss of physical capacity, other than earning capacity, in the past and undoubtedly will suffer loss of physical capacity in the future.

Plaintiff is still under the treatment and the full extent of her damages is not yet known and will be shown by amended pleadings, however, it is clear that her damages are within the jurisdictional limits of the Honorable Court.

-3-

## IV.

## <u>SECOND CAUSE OF ACTION</u>:

Defendants, Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd., d/b/a Corpus Christi Medical Center, at the time of Plaintiff's injuries, had no workers' compensation coverage in force that would cover the injuries sustained by Plaintiff, and instead had created a "plan" which provided medical and compensation benefits to Plaintiff, and other employees who suffered injuries in the course and scope of their employment. Such plan provided for payment of Plaintiff's medical expenses, however, Defendant's failed to provide the proper medical treatment for her and continued to fail and refuse to furnish her medical treatment for her injuries.

Defendants, Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd., d/b/a Corpus Christi Medical Center, was named administrator of the "plan" in the suit and its capacity administrator of the "plan" as well as, in its capacity of current corporation and employer of the Plaintiff.

All conditions precedent to the payment by the Defendant, Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd., d/b/a Corpus Christi Medical Center, of Plaintiff's claim to medical benefits under the "plan" have been complied with. Nevertheless, Defendants, Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd., d/b/a Corpus Christi Medical Center, has denied Plaintiff's claim to medical benefits provided under the "plan." Plaintiff has furnished said Defendant's reports by the treating doctors, which show Plaintiff still needs treatment of her injuries. Nevertheless, said Defendant has wrongfully refused to pay for further medical treatment.

By reason of this cause of action, Plaintiff is entitled to recover for the needed medical

-4-

treatment to treat above-described injuries, together with future benefits. Plaintiff is further entitled to recover punitive damages for said Defendant's willful refusal to pay for medical benefits.

Plaintiff is entitled to recover prejudgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as provided by law and upon final hearing of this cause, Plaintiff recover:

(1)    Judgment against Defendants, jointly and severally, for Plaintiff's damages as hereinabove set forth;

(2)    interest on said judgment at the legal rate from date of judgment;

(3)    prejudgment interest as allowed by law;

(4)    costs of Court; and,

(5)    such other and further relief to which Plaintiff may show herself to be entitled.

Respectfully submitted,

DIANA L. REECE
1007 W. YOAKUM
KINGSVILLE, TEXAS 78363
361/592-6241

BY: _____
DIANA L. REECE, PRO SE
PLAINTIFF

CAUSE NO. 00-60205-1

DIANA  L.  REECE                                        §          IN THE DISTRICT COURT OF
_____                                           NUECES COUNTY, TEXAS
                                    Plaintiff                      _____ JUDICIAL DISTRICT
COLUMBIA/HCA HEALTHCARE CORP      §
COLUMBIA BAYVIEW PSYCHIAT Defendant etc
CENTER, AND THE BAY AREA HEALTH                                   COUNTY COURT-AT-LAW  1
CARE GROUP, LTD d/b/a C-C MED. CENTER                             OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action:** Check all claims pled: [ ]Commercial [■]Personal Injury [ ]Death [ ]Other

| | | | |
|---|---|---|---|
| [ ] Account due | [ ] Defamation | [ ] Fraud | [ ] Product Liability | [ ] Asbestos |
| [ ] Admiralty | [ ] Disbursement | [ ] Garnishment | [ ] Pest Judgment | [ ] Assault |
| [ ] Discrimination | [ ] Injunction/TRO | [ ] Railroad | [ ] Ins. bad faith | [ ] Dram Shop |
| [ ] Auto | [ ] DTPA | [ ] Malicious prosecution | [ ] Real Estate | [ ] Bill of Review |
| [ ] Employment discharge | [ ] Malpractice/Legal | [ ] Sequestration | [ ] Business Creation | [ ] Environmental tort |
| [ ] Malpractice/Medical | [ ] Silicone implant | [ ] Conspiracy | [ ] Expunction | [ ] Malpractice/other |
| [ ] Tax | [ ] Contract | [ ] False Imprisonment | [ ] Name Change | [ ] Deed restriction |
| [ ] Foreclosure | [ ] Note | [ ] Trespass | [ ] Declaratory Judgment | [ ] Forfeiture |
| [ ] Premises liability | [ ] Workers compensation | | [ ] Judgment Nisi | [■] Other |

Has this dispute previously been in the Nueces County Court? [ ]NO      [ ] YES, in the following court _____

Monetary damages sought: [ ] less than $50,000   [ ] greater than $50,000

Desired discovery level: [ ] Level 1 (TRCP 190.2)  [ ] Level 2 (TRCP 190.3)  [ ] Level 3 (TRCP 190.4)*
*A case will remain in Level 1 if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. e. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. Id.

Estimate time needed for discovery: [ ] 0-3 months   [■] 4-6 months   [ ] 7-12 months   [ ] Other

Estimate time needed for trial: [ ] 1-2 days   [■] 3-5 days   [ ] 6-10 days   [ ] + 10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees? [ ] Yes [■] No

Is immediate ADR requested? [ ] Yes [■] No

Name of party filing this cover sheet: _____ Plaintiff _____

Signature of attorney or pro se filing cover sheet: _Diana Reece_

Name printed : _Diana Reece_

Phone No.: (361) 592-6241          Bar No.: _____

**FOR COURT USE ONLY:**
Track assigned:    [ ] Track 1        [ ] Track 2        [ ] Track 3

Court Coordinator: _____        Date: _____

Citation for Personal Service - RESIDENT

**TEXAS CIVIL PROCESS, INC.**
Delivered this _18_ Day _Feb_ _00_
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By _S. Thomas_
Process Server

Lit. Seq. # 5.004.01

10:00AM

No. 00-60205-00-0-1

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
BAY AREA HEALTHCARE GROUP, LTD., D/B/A CORPUS CHRISTI MEDICAL CENTER BY
SERVING ITS AGENT
PRENTICE-HALL CORPORATION SYSTEMS
800 BRAZOS, AUSTIN, TEXAS 78701
the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 1 of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PETITION was filed on FEBRUARY 07, 2000. A copy of same accompanies this citation.

The file number of said suit being No. 00-60205-00-0-1.
The style of the case is:

REECE, DIANA L.
VS.
COLUMBIA/HCA HEALTHCARE CORP., ET AL

Said petition was filed in said court by _____ DIANA L. REECE _____
(Attorney for _____ PLAINTIFF _____), whose address is
1007 W. YOAKUM, KINGSVILLE, TEXAS 78363

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the _8th_ day of FEBRUARY, A.D. 2000.

OSCAR SOLIZ _____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987
By: _Yvonne N. Garcia_, Deputy
YVONNE N. GARCIA

2

Case 2:00-cv-00112   Document 1   Filed in TXSD on 03/16/2000   Page 14 of 28

1013   Tre Road, Wilmington, DE, 1  95-1297
(302) 636-5400

United States Corporation Company                                The Prentice-Hall Corporation System, Inc.

# NOTICE OF SERVICE OF PROCESS

Date Processed: 18-FEB-00                    Transmittal #: TX0850066P        ALL

To: CAROLINE HENDRICKS, LITIGATION PARALEGAL        Redirect sent to:
    COLUMBIA/HCA HEALTHCARE CORPORATION
    ONE PARK PLAZA
    NASHVILLE TN 37203

TYPE OF REPRESENTATION:   Statutory

*We enclose the following documents which were served upon:*
                          The Prentice-Hall Corporation System, Inc.
*as registered agent in*  Texas      *for*
                          **BAY AREA HEALTHCARE GROUP, LTD. (ID#:  0445238)**
*Documents were served on*  18-FEB-00   *via Personal Service*        ID#: N/A

Title of Action:  DIANA L. REECE                             Case #: 00-06205-00-0-1
          vs.  COLUMBIA/HCA HEALTHCARE CORP., ET AL
      Court:  COUNTY COURT AT LAW #1, NUECES COUNTY, TEXAS
Nature of Case:  Personal Injury

| X | Summons | ____ | Notice of Mechanic's Lien | ____ | A self-addressed stamped |
|---|---------|------|---------------------------|------|--------------------------|
| X | Complaint | ____ | Notice of Attorney's Lien | | envelope enclosed |
| ____ | Garnishment | ____ | Notice of Default Judgment | ____ | Duplicate copies of the Notice |
| ____ | Subpoena | | | | and Acknowledgement enclosed |

____  Other:

Answer Due: MONDAY NEXT AFTER 20 DAYS AFTER SERVICE
Documents Sent: Federal Express          ID#:
Call Placed: No call placed              Spoke to: N/A
Comments: N/A

Attorney for Claimant:
        DIANA L. REECE
        PRO SE
        1007 W. YOAKUM
        KINGSVILLE, TX 78363
        361-592-6241

Form Prepared By: Micah Candle

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

### Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents

## CAUSE NO. 00-60205-1

| | | |
|---|---|---|
| **DIANA L. REECE,** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **COLUMBIA/HCA HEALTHCARE** | § | |
| **CORPORATION, COLUMBIA** | § | |
| **BAYVIEW PSYCHIATRIC CENTER,** | § | |
| **AND THE BAY AREA HEALTHCARE** | § | |
| **GROUP, LTD. d/b/a CORPUS** | § | |
| **CHRISTI MEDICAL CENTER** | § | |
| **Defendants.** | § | **OF NUECES COUNTY, TEXAS** |

### DEFENDANTS' ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, SPECIAL EXCEPTIONS AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW **COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA BAYVIEW PSYCHIATRIC CENTER, AND THE BAY AREA HEALTHCARE GROUP, LTD. d/b/a CORPUS CHRISTI MEDICAL CENTER**, Defendants in the above styled and numbered cause, and file this their Original Answer, Affirmative Defenses, Special Exceptions, and Original Counterclaim, and in support would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure and by way of a general denial, Defendants generally deny the allegations contained in Plaintiff's Original Petition and any amendment or supplementation thereto, and requests that Plaintiff be required to prove each and every element thereof as required by law.

3

## II.

## FIRST SPECIFIC DENIAL

At all times material hereto, Defendants specifically deny that they were negligent in any way.

## III.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff Diana L. Reece has voluntarily and irrevocably waived her right to sue Defendants for these claims. Specifically, on December 11, 1997, Plaintiff agreed:

**EXECUTION OF THIS DOCUMENT INVOLVES THE WAIVER AND RELEASE OF VALUABLE LEGAL RIGHTS.**

I understand that Columbia/HCA Healthcare Corporation and its Affiliated Employers, as listed on Exhibit "B," do not subscribe to the Texas Workers' Compensation Act; and, instead, Columbia/HCA Healthcare Corporation has established an Employee Health and Safety Program Benefit Plan ("Plan") that has been adopted by its Affiliated Employers. I understand that under the Plan and under certain conditions, subsequent to a work-related, on-the-job injury, certain medical treatment and certain wage replacement benefits will be provided only to those employees who voluntarily elect to participate in the Plan.

I have had explained to me and understand that I have a right not to participate in the Plan and retain the right to sue and pursue my common law rights and, in doing so, I would not receive any occupational benefits if I am injured on the job. If I choose not to enroll in the Plan, I understand that I am entitled to bring legal action against Columbia/HCA Healthcare Corporation and/or an Affiliated Employer. If I prevail, I will recover judgment against Columbia/HCA Healthcare Corporation and/or an Affiliated Employer for any damages sustained by reason of any personal injury received in the course of my employment, or by reason of death resulting from my injury. I also understand that in such an action, Columbia/HCA Healthcare Corporation and/or an Affiliated Employer cannot use as a defense that I am guilty of contributory negligence, that the injury or death was caused by negligence of a fellow employee, or that I had assumed the risk of injury or death. However, I have had explained to me that Columbia/HCA Healthcare Corporation and/or an Affiliated Employer may defend such an action on the ground that the injury was caused by the willful intentional act of me or was so caused while I was in a state of intoxication.

By execution of this document, I hereby voluntarily elect to participate in the Employee Health and Safety Program Benefit Plan of Columbia/HCA Healthcare Corporation (the "Plan"). **AS REQUIRED BY THE TERMS OF THE PLAN, I, THE UNDERSIGNED, AND ON BEHALF OF MY HEIRS AND ASSIGNS, HEREBY FREELY, IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE, AND AGREE NOT TO SUE UPON, ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER NOW EXISTING OR ARISING IN THE FUTURE, THAT I, MY HEIRS OR ASSIGNS MAY HAVE AGAINST COLUMBIA/HCA HEALTHCARE CORPORATION, ITS AFFILIATED EMPLOYERS, THEIR SUBSIDIARIES, THEIR**

OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS AND EMPLOYEES, THAT ARISE OUT OF OR ARE RELATED TO INJURIES OR DEATH SUSTAINED BY ME IN THE COURSE AND SCOPE OF MY EMPLOYMENT BY COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER OR ARE CAUSED BY THE SOLE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER OR THE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER CONCURRENT WITH THE NEGLIGENCE OF ANY OTHER PERSON OR ENTITY. In the event the Plan is terminated, the foregoing release and waiver, and agreement not to sue upon, shall not apply in connection with injuries or death caused by events that occur entirely after the date of termination of the Plan.

I UNDERSTAND THAT BY EXECUTION OF THIS DOCUMENT, I, MY HEIRS AND ASSIGNS WILL LOSE THE RIGHT TO SUE COLUMBIA/HCA HEALTHCARE CORPORATION AND ITS AFFILIATED EMPLOYERS AND PEOPLE EMPLOYED BY IT/THEM IN CONNECTION WITH INJURIES OR DEATH SUSTAINED IN MY EMPLOYMENT WITH COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER FOR ANY NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER, WHETHER IT BE THE SOLE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION OR AN AFFILIATED EMPLOYER OR CONCURRENT WITH THE NEGLIGENCE OF ANOTHER PERSON OR ENTITY, OR FOR ANY GROSS NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR ITS AFFILIATED EMPLOYERS. MY ONLY REMEDY WILL BE TO RECEIVE BENEFITS UNDER THE PLAN.

I acknowledge that I am executing this document voluntarily and without duress from any person; that no representation by any person acting on behalf of Columbia/HCA Healthcare Corporation has influenced or induced the execution of this document; that I have carefully read and understand the contents of this document and have signed this document as my own free act, being fully sane, sober and competent to do so; that I am not under the influence of any substance nor under any mental incapacity that would affect me at the time of signing, and that I am aware of the consequences of the execution of this document.

I acknowledge that I have received a copy of the Summary Plan Description and have read and reviewed it before signing this election. To the extent I have had questions regarding the Plan, I have been given the opportunity to ask them and receive answers and to seek legal advice to the extent desired. I represent and acknowledge by execution of this document that I can read, write and understand the language used in this document and have had the document verbally explained to me. I also understand that by making this election, it has no effect on my employment at Columbia/HCA Healthcare Corporation and/or an Affiliated Employer.

By signing below, I am assigning to Columbia/HCA Healthcare Corporation and/or any Affiliated Employer the right to recover from a third party damages for my occupational injury, death or disease which are covered by the Plan.

I represent and acknowledge that I understand that Columbia/HCA Healthcare Corporation has revoked all plans or arrangements other than the Plan for the payment of benefits attributable to a job-related injury. If I am currently receiving occupational benefits, however, such benefits will continue as set forth in the Plan under which those benefits are being provided, and in accordance with the terms and conditions of that Plan. I also understand that should I elect to retain my legal rights to sue Columbia/HCA Healthcare

Corporation and/or an Affiliated Employer and reject the benefits outlined in the Plan, I must request the appropriate form from the Human Resources Director.

See Exhibit "A" attached hereto. By this, and by her other actions, including acceptance of benefits under the ERISA plan at issue, Plaintiff forfeited her right to bring this suit. Therefore, Defendants plead the affirmative defenses of estoppel, waiver, accord and satisfaction, breach of contract, fraud in the inducement, and ratification.

## IV.

## SECOND AFFIRMATIVE DEFENSE

Defendants deny that the Plaintiff suffered any damages as a result of any negligence on the part of Defendants, but on the contrary says that any damages which Plaintiff might have suffered resulted from the negligence of Plaintiff.

## V.

## THIRD AFFIRMATIVE DEFENSE

Defendants assert the additional defense of proportionate responsibility, under Section 33.001 of the Texas Civil Practices & Remedies Code. Defendants would also request that the Court allow jury questions regarding same and as support for such would cite the Court to *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504 (Tex. 1995), where on page 521 the Chief Justice of the Texas Supreme Court makes it clear that,

> "... an injured employee pursuing the common law remedy must still prove that the employer was negligent and that he or she was not more than fifty percent negligent."

*Garcia*, 893 S.W.2d at 521; *See also, Carlos v. White Consol. Indus. Inc.*, 934 F.Supp. 227, 231 (W.D. Tex. 1996); *Byrd v. Cent. Freight Lines, Inc.*, No. 07-96-0311-CV, slip op. at 2-3 (Tex.App--Amarillo, June 30, 1998, n.w.h.).

## VI.

## FOURTH AFFIRMATIVE DEFENSE

By way of further answer, if such be necessary, Defendants further allege that

Plaintiff's acts and omissions under all the attendant circumstances were the sole proximate cause of injuries or damages alleged to have been sustained by Plaintiff.

## VII.

### FIFTH AFFIRMATIVE DEFENSE

By the way of further answer, if such be necessary, Defendants claim that Plaintiff was in the normal course of routine employment matters and that Plaintiff's injury, if any, could not have been foreseen by Defendants.  Further, Defendants plead that Defendants could not have foreseen any alleged injury because the proximate result of the injury was new and/or the result of independent causes.

## VIII.

### SIXTH AFFIRMATIVE DEFENSE

By way of further answer, if such be necessary, Defendants assert the defense of unavoidable accident, in that for some injuries there is no one that is negligent.  In this case, it is Defendants' assertion and defense that the accident and resulting injuries, if any, was no one's negligence, and certainly not Defendants'.

## IX.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Rule 94 of the Texas Rules of Civil Procedure and by way of an affirmative defense, Defendants assert that Plaintiff had and has a duty to mitigate any damages that may have resulted from any alleged occurrence the subject of this suit. Plaintiff's damages, if any, should be reduced by any failure to mitigate damages as may be shown by the evidence.

## X.

### EIGHTH AFFIRMATIVE DEFENSE

Pleading also in the alternative, pursuant to Rule 94 and Rule 95 of the Texas Rules

of Civil Procedure and by way of an affirmative defense, Defendants assert that they are entitled to a set-off and/or a credit against any and all sums recovered by Plaintiff, if any, in this cause for monies previously advanced to Plaintiff and/or expenses previously paid by Defendants on behalf of Plaintiff. The character of such set-off and/or credit is plainly and particularly described as payments to health care providers extending care and treatment to Plaintiff, payments to Plaintiff for reimbursement of healthcare provider charges, and payments to Plaintiff for wages and out-of-pocket expenses.

## XI.

## FIRST SPECIAL EXCEPTION

Pursuant to Rule 91 and Rule 47 of the Texas Rules of Civil Procedure, and by way of special exception, Defendants specially except to Plaintiff's Original Petition wherein it alleges damages as only being within the jurisdictional limits of the court. Plaintiff should be required to amend her Original Petition so as to specify the maximum amount and nature of damages sought and injuries claimed.

## XII.

## SECOND SPECIAL EXCEPTION

Pursuant to Rule 91 and Rule 47 of the Texas Rules of Civil Procedure, and by way of a special exception, Defendants specifically except to Plaintiff's Original Petition in that Plaintiff fails to adequately plead Defendants' alleged degree of wrongdoing. Plaintiff should be required to amend her Original Petition so as to correctly allege a sufficient degree of Defendants' culpability to Plaintiff, if any, to warrant a threshold award of punitive damages (regarding the alleged wrongful denial of Plan benefits). Plaintiff should be required to specify the acts and/or omissions which make Defendants allegedly "grossly negligent" as that term is defined under the Texas Civil Practice and Remedies Code and current Texas common law. See Tex. Civ. Prac. & Rem. Code §41.001(5); see

<u>Transportation Insurance Co. v. Moriel</u>, 879 S.W. 2d 10, 20 (Tex. 1994).

## XIII.

## THIRD SPECIAL EXCEPTION

Pursuant to Rule 91 of the Texas Rules of Civil Procedure and by way of a special exception, Defendant specially excepts to that portion of Plaintiff's Original Petition which refers to Defendant not being a subscriber to the Texas Workers' Compensation System. Specifically, there is no legal duty to subscribe to the Texas Workers' Compensation System and any reference to such is prejudicial and irrelevant. Further, any reference to the Texas Workers' Compensation System is a comment on liability insurance and is, therefore, inadmissible under Rule 411 of the Texas Rules of Civil Evidence.

## XIV.

## FOURTH SPECIAL EXCEPTION

Pursuant to Rule 91 and Rule 47 of the Texas Rules of Civil Procedure, and by way of special exception, Defendants specially except to the Second Cause of Action of Plaintiff's Original Petition as it pleads for benefits under Defendants' Employee Health and Safety Program Benefit Plan, a qualified ERISA Plan under 29 U.S.C. §1001 - 1461, for which federal court is the forum for Plaintiff's sole exclusive remedies concerning the allegations in this Second Cause of Action. Defendants are therefore filing a Notice of Removal to federal court.

## XV.

## ORIGINAL COUNTER-CLAIM

Defendants Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center hereafter "Columbia") hereby bring suit as counter-plaintiff against Diana L. Reece (hereafter "Reece"), who has appeared in this cause. Reece and Columbia had an

CMJPDF - www.fsesia.com

agreement that Columbia would provide benefits under its ERISA-qualified Employee Health and Safety Program Benefit Plan in exchange for Reece's agreement to accept these benefits in lieu of suing Columbia for damages arising in the course of her employment. That agreement was in writing, witnessed, and entirely voluntary. See Exhibit "A" attached hereto.

Columbia performed under the contract by providing benefits, including paying medical bills and paying wages after Reece's injury. Reece accepted those benefits. Reece has breached the agreement and broken her promise by suing Columbia. That breach has caused and will continue to cause damage to Columbia within the jurisdictional limits for this Court. Accordingly, the Columbia Defendants, as counter-plaintiff, seeks from Diana L. Reece, as counter-defendant, actual damages, court costs, and attorneys' fees and expenses for the trial and appeal of this case.

WHEREFORE, PREMISES CONSIDERED, Defendants **COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA BAYVIEW PSYCHIATRIC CENTER, AND THE BAY AREA HEALTHCARE GROUP, LTD.** d/b/a CORPUS CHRISTI MEDICAL CENTER request that this Court enter a judgment that Plaintiff take nothing by way of her suit; that Defendants have judgment against and recover their actual damages, costs, attorneys' fees for trial and appeal, prejudgment and post-judgment interest, from Counter-Defendant **Diana L. Reece**; and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**MARTIN & ASSOCIATES, P.C.**
707 West 10th Street
Austin, Texas 78701
512/476-1696
512/469-7924 - facsimile

By: _____
Kerry L. McGill
State Bar No. 13628700

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was delivered on the
9th day of _March_ , 2000, by certified mail, return receipt requested, and
by first class U.S. mail, to:

Ms. Diana L. Reece
Plaintiff Pro Se
1007 W. Yoakum
Kingsville, TX 78363

_____
Kerry L. McGill

# EXHIBIT "A"

### ELECTION TO PARTICIPATE IN THE
### EMPLOYEE HEALTH AND SAFETY PROGRAM BENEFIT PLAN OF
### COLUMBIA/HCA HEALTHCARE CORPORATION

**EXECUTION OF THIS DOCUMENT INVOLVES THE WAIVER AND RELEASE OF VALUABLE LEGAL RIGHTS.**

I understand that Columbia/HCA Healthcare Corporation and its Affiliated Employers, as listed on Exhibit "B," do not subscribe to the Texas Workers' Compensation Act; and, instead, Columbia/HCA Healthcare Corporation has established an Employee Health and Safety Program Benefit Plan ("Plan") that has been adopted by its Affiliated Employers. I understand that under the Plan and under certain conditions, subsequent to a work-related, on-the-job injury, certain medical treatment and certain wage replacement benefits will be provided only to those employees who voluntarily elect to participate in the Plan.

I have had explained to me and understand that I have a right not to participate in the Plan and retain the right to sue and pursue my common law rights and, in doing so, I would not receive any occupational benefits if I am injured on the job. If I choose not to enroll in the Plan, I understand I am entitled to bring legal action against Columbia/HCA Healthcare Corporation and/or an Affiliated Employer. If I prevail, I will recover judgment against Columbia/HCA Healthcare Corporation and/or an Affiliated Employer for any damages sustained by reason of any personal injury received in the course of my employment, or by reason of death resulting from my injury. I also understand that in such an action, Columbia/HCA Healthcare Corporation and/or an Affiliated Employer cannot use as a defense that I am guilty of contributory negligence, that the injury or death was caused by negligence of a fellow employee, or that I had assumed the risk of injury or death. However, I have had explained to me that Columbia/HCA Healthcare Corporation and/or an Affiliated Employer may defend such an action on the ground that the injury was caused by the willful intentional act of me or was so caused while I was in a state of intoxication.

By execution of this document, I hereby voluntarily elect to participate in the Employee Health and Safety Program Benefit Plan of Columbia/HCA Healthcare Corporation (the "Plan"). **AS REQUIRED BY THE TERMS OF THE PLAN, I, THE UNDERSIGNED, AND ON BEHALF OF MY HEIRS AND ASSIGNS, HEREBY FREELY, IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE AND AGREE NOT TO SUE UPON, ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER NOW EXISTING OR ARISING IN THE FUTURE, THAT I, MY HEIRS OR ASSIGNS MAY HAVE AGAINST COLUMBIA/HCA HEALTHCARE CORPORATION, ITS AFFILIATED EMPLOYERS, THEIR SUBSIDIARIES, THEIR OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS AND EMPLOYEES, THAT ARISE OUT OF OR ARE RELATED TO INJURIES OR DEATH SUSTAINED BY ME IN THE COURSE AND SCOPE OF MY EMPLOYMENT BY COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER AND ARE CAUSED BY THE SOLE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER OR THE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER CONCURRENT WITH THE NEGLIGENCE OF ANY OTHER PERSON OR ENTITY.** In the event the Plan is terminated, the foregoing release and waiver, and agreement not to sue upon, shall not apply in connection with injuries or death caused by events that occur entirely after the date of termination of the Plan

**I UNDERSTAND THAT BY EXECUTION OF THIS DOCUMENT, I, MY HEIRS AND ASSIGNS WILL LOSE THE RIGHT TO SUE COLUMBIA/HCA HEALTHCARE**



Initials

EXHIBIT

A

CORPORATION AND ITS AFFILIATED EMPLOYERS AND PEOPLE EMPLOYED BY IT/THEM IN CONNECTION WITH INJURIES OR DEATH SUSTAINED IN MY EMPLOYMENT WITH COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER FOR ANY NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER, WHETHER IT BE THE SOLE NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER OR CONCURRENT WITH THE NEGLIGENCE OF ANOTHER PERSON OR ENTITY, OR FOR ANY GROSS NEGLIGENCE OF COLUMBIA/HCA HEALTHCARE CORPORATION AND/OR AN AFFILIATED EMPLOYER. MY ONLY REMEDY WILL BE TO RECEIVE BENEFITS UNDER THE PLAN.

I acknowledge that I am executing this document voluntarily and without duress from any person; that no representation by any person acting on behalf of Columbia/HCA Healthcare Corporation and/or an Affiliated Employer has influenced or induced the execution of this document; that I have carefully read and understand the contents of this document and have signed this document as my own free act, being fully sane, sober and competent to do so; that I am not under the influence of any substance nor under any mental incapacity that would affect me at the time of signing; and that I am aware of the consequences of the execution of this document.

I acknowledge that I have received a copy of the Summary Plan Description and have read and reviewed it before signing this election. To the extent I have had questions regarding the Plan, I have been given the opportunity to ask them and receive answers and to seek legal advice to the extent desired. I represent and acknowledge by execution of this document that I can read, write and understand the language used in this document and have had the document verbally explained to me. I also understand that by making this election, it has no effect on my employment at Columbia/HCA Healthcare Corporation and/or an Affiliated Employer.

By signing below, I am assigning to Columbia/HCA Healthcare Corporation and/or any Affiliated Employer the right to recover from a third party damages for my occupational injury, death or disease which are covered by the Plan.

I represent and acknowledge that I understand that Columbia/HCA Healthcare Corporation has revoked all plans or arrangements other than the Plan for the payment of benefits attributable to a job-related injury. If I am currently receiving occupational benefits, however, such benefits will continue as set forth in the Plan under which those benefits are being provided, and in accordance with the terms and conditions of that Plan. I also understand that should I elect to retain my legal rights to sue Columbia/HCA Healthcare Corporation and/or an Affiliated Employer and reject the benefits outlined in the Plan, I must request the appropriate form from the Human Resources Director.

Diana Reece
Employee Printed Name

X _____
Employee Signature

12-11-97
Date Signed

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
Social Security Number

T. Stevens
Witness Printed Name

_____
Witness Signature

12-11-97
Date Signed

## CAUSE NO. 00-60205-1

| | | |
|---|---|---|
| DIANA L. REECE,<br>　　　Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| | §<br>§ | |
| V. | §<br>§ | AT LAW NO. 1 |
| COLUMBIA/HCA HEALTHCARE<br>CORPORATION, COLUMBIA<br>BAYVIEW PSYCHIATRIC CENTER,<br>AND THE BAY AREA HEALTHCARE<br>GROUP, LTD. d/b/a CORPUS<br>CHRISTI MEDICAL CENTER<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF NUECES COUNTY, TEXAS |

## <u>NOTICE OF FILING REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that a Notice of Removal of the above-entitled action from the County Civil Court at Law No. 1 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division (a copy of which Notice [without exhibits] is attached hereto as Exhibit "A") was duly filed this day in the United States District Court for the Southern District of Texas, Corpus Christi Division.

You are advised that the Defendants, Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and the Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center, upon filing of the Notice of Removal and a copy of the Notice with the Clerk of the state court, have effected this removal in accordance with 28 U.S.C. §1446(d).

Notice of Filing Removal - Page 1

4

Respectfully submitted,

**MARTIN & ASSOCIATES, P.C.**
707 West 10th Street
Austin, TX  78701
(512) 476-1696
(512) 469-7924 - Facsimile

By: _____
Kerry L. McGill - State Bar No. 13628700

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, and by first class U.S. mail, on this _15th_ day of _March_, 2000, to:

Ms. Diana L. Reece
Plaintiff Pro Se
1007 W. Yoakum
Kingsville, TX  78363

_____
Kerry L. McGill

**Notice of Filing Removal - Page 2**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DIANA L. REECE,          §
      Plaintiff,          §
               §
               §
               §
               §
V.          §          CIVIL ACTION NO. _____
               §
COLUMBIA/HCA HEALTHCARE          §
CORPORATION, COLUMBIA BAYVIEW          §
PSYCHIATRIC CENTER, AND BAY AREA          §
HEALTHCARE GROUP, LTD. d/b/a          §
CORPUS CHRISTI MEDICAL CENTER,          §
      Defendants.          §

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW **Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center,** "Defendants" in the subject matter, and hereby petition this Court, under 28 U.S.C. §1441 and §1446, for removal of an action filed against them in the County Court at Law No. 1 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of this removal, Defendants would show this Court as follows:

1.      On the 7th day of February, 2000, an action was commenced against Defendants under Cause No. 00-60205-1, styled *Diana L. Reece v. Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center.* Service of Plaintiff's Original Petition upon Defendants was had on the 18th day of February, 2000. Copies of the citation and original petition are attached hereto. Therefore, all parties are before this Court.

Notice of Removal - Page 1



EXHIBIT
A