IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**MAY - 8 2000**

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| DIANA L. REECE,<br>Plaintiff, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. C-00-112 |
| COLUMBIA/HCA HEALTHCARE<br>CORPORATION, COLUMBIA BAYVIEW<br>PSYCHIATRIC CENTER, AND BAY AREA<br>HEALTHCARE GROUP, LTD. d/b/a<br>CORPUS CHRISTI MEDICAL CENTER,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## JOINT REPORT OF THE MEETING OF PARTIES
## AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Diana Reece, Plaintiff, and Columbia/HCA Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center, Defendants, and file this joint report of the parties' planning meeting and case management plan, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, as follows:

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party:

**Diana L. Reece, Plaintiff Pro Se, and Kerry L. McGill, attorney for Defendants, prepared this joint report through exchange of written documents and telephonically.**

2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.

**None.**

3.    Specify the allegation of federal jurisdiction.

Report of Parties' Planning Meeting- Page 1

9.

Federal question, 28 U.S.C. §1331 (under **ERISA 29 U.S.C. §1001,** *et seq.*) **and pendent removal jurisdiction, 28 U.S.C. §1441(c).**

    4.      Name the parties who disagree and the reasons.

**None; however, Plaintiff may amend her complaint to allege that she was discriminated against for rehire by Defendant because of her alleged injury.**

    5.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None.**

    6.      List anticipated interventions.

**None.**

    7.      Describe class-action issues.

**None.**

    8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

**The parties agree to exchange disclosures by May 31, 2000.**

    9.      Describe the proposed agreed discovery plan, including:

    (a)          Responses to all the matters raised in Rule 26(f).

               **See answers below.**

    (b)          When and to whom the plaintiff anticipates it may send interrogatories.

               **Plaintiff anticipates sending interrogatories to Defendant within 60 days.**

    (c)          When and to whom the defendant anticipates it may send interrogatories.

**Defendants anticipate sending interrogatories to Plaintiff within 60 days and depositions upon written questions to Plaintiff's doctors, insurers and other employers within 120 days.**

(d)     Of whom and by when the plaintiff anticipates taking oral depositions. **Plaintiff's co-workers "Marion" and Carmen"; Miriam Bove, Employee Health Nurse; Todd Stevens, Human Resources Director; and Bonnie Butler, Risk Management, by October 15, 2000.**

(e)     Of whom and by when the defendant anticipates taking oral depositions. **Plaintiff by October 1, 2000, and Plaintiff's primary treating physician by December 15, 2000.**

(f)     List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report). **Dr. Jesse Portugal; Dr. Manger; Dr. Schwartz, by November 15, 2000.**

(g)     List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report). **Plaintiff's primary treating physician, by December 15, 2000.**

10.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

11.     Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12.     State the date the planned discovery can reasonably be completed.

**December 15, 2000.**

13.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Prompt resolution of this case is possible.  The Plaintiff is expected to submit a demand in the near future, after which Defendants will be able to answer this request.**

14.     Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiff is expected to submit a demand in the near future.  Defendants have grounds for the filing of a Motion for Partial Summary Judgment and will proceed with this action if settlement is unsuccessful.**

15.     From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**Plaintiff and Defendants are generally amenable to mediation.**

16.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**There is no objection to proceeding before a magistrate judge.**

17.     State whether a jury demand has been made and if it was made on time.

**No jury demand was made.**

18.     Specify the number of hours it will take to present the evidence in this case.

**Plaintiff and Defendants estimate that it will take approximately 20 hours in all to present both Plaintiff's evidence and Defendants' evidence.**

19.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

20.     List other motions pending.

**None, although Defendants anticipate the filing of a Motion for Partial Summary Judgment.**

21.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

22.     List the names, bar numbers, addresses, and telephone numbers of *all* counsel:

**Plaintiff: PRO SE:**
Diana L. Reece
1007 W. Yoakum
Kingsville, TX 78363
(361) 592-6241 - Telephone

**Defendant's counsel:**
Kerry L. McGill - SBID 13628700
Martin & Associates, P.C.
707 West 10th Street
Austin, Texas 78701-2033
(512) 476-1696 - Telephone
(512) 469-7924 - Facsimile

Respectfully submitted,

Kerry L. McGill - State Bar No. 13628700
**ATTORNEY FOR DEFENDANTS**

Of Counsel:
**MARTIN & ASSOCIATES, P.C.**
707 West 10th Street
Austin, Texas  78701
(512) 476-1696
(512) 469-7924 - Facsimile

**AND**

Diana L. Reece
**PLAINTIFF PRO SE**
1007 W. Yoakum
Kingsville, TX 78363
(361) 592-6241 - Telephone

Report of Parties' Planning Meeting- Page 5