**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
ENTERED

**MAR 2 1 2001**

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIANA L. REECE, | § | |
|     Plaintiff, | § | |
| V. | § | 30 |
| | § | |
| COLUMBIA/HCA HEALTHCARE | § | Civil Action NO. C-00-112 |
| CORPORATION, COLUMBIA BAYVIEW | § | |
| PSYCHIATRIC CENTER, AND BAY | § | |
| HEALTHCARE GROUP, LTD. d/b/a | § | |
| CORPUS CHRISTI MEDICAL CENTER, | § | |
|     Defendants | § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Diana L. Reece, proceeding *pro se*, claims defendants Columbia/HCA

Healthcare Corporation, Columbia Bayview Psychiatric Center, and Bay Area Healthcare

Group, Ltd., d/b/a Corpus Christi Medical Center were negligent and caused injuries to her

while she was at work and breached their contractual obligation to provide her with proper

medical treatment after she was injured. Plaintiff originally filed her claim in Nueces County

Court No. 1 on February 7, 2000 and defendants removed it to federal court on March 16,

2000 on the basis of federal question jurisdiction. Defendants filed a motion for summary

judgment on November 2, 2000 (D.E. 19) to which plaintiff did not respond.

### BACKGROUND

Plaintiff was injured at work on February 7, 1998, September 29, 1998 and January

16, 1999 while attempting to control and assist violent inmates at defendants' medical facility

in Corpus Christi. Plaintiff sustained severe injuries resulting in a condition known as left

sacroiliac joint dysfunction and/or protruded or herniated disc with the full extent of her

damages not known. She incurred large medical bills and expects to continue incurring large medical bills.

Defendants were nonsubscribers to the Texas Workers' Compensation Act ("the Act") but had established a voluntary benefit plan ("the Plan") under the Employee Retirement Income and Security Act of 1974 ("ERISA") to provide employees who elected to participate in the Plan with certain benefits for occupational injuries and illnesses. Plaintiff claims that she fulfilled all conditions precedent to the payment of benefits by defendants under the Plan but that defendants have not paid her the benefits she is due. Plaintiff also brings a common law negligence claim against defendants.

Defendants respond that plaintiff waived her right to bring a common law negligence claim and also that they paid her all the benefits to which she was entitled. Defendants further argue that Plaintiff voluntarily resigned on January 23, 1999, effectively terminating her right to continued benefits under the Plan.

**APPLICABLE LAW**

**A. Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986);  Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).

Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552;  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986);  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 113 S. Ct. 82 (1992).  The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party.  Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188 (1990).  Summary judgment is mandated if, after adequate time for discovery and upon motion, the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial.  Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.  "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."  Id. at 322-23, 106 S. Ct. at 2552.

**B. Waiver**

Defendants argue that plaintiff waived her right to sue them for work-related injuries. Under Texas law, the elements of the affirmative defense of waiver are the following: (1) the existence of a right held by the waiving party; (2) knowledge, actual or constructive, by that party of its existence; (3) an actual intent by that party to relinquish the right, which can be

inferred from conduct. Brito v. Intex Aviation Services, Inc., 879 F.Supp. 650, 653 (N.D. Tex. 1995)(citations omitted). Defendants presented evidence that because they were non-subscribers to the Act, plaintiff had the right to bring legal action for personal injuries suffered at work, she received notice of the right, and she voluntarily waived the right (Mo. for Sum. Jmt., D.E. 19, Ex. B-2). Similar waivers have been held valid. Id.; Lambert v. Affiliated Foods, Inc., 20 S.W.3d 1 (Tex. App.–Amarillo 1999, review granted); Wolfe v. C.S.P.H., Inc., 24 S.W.3d 641 (Tex. App.–Dallas 2000, no writ). Because the uncontradicted evidence indicates that plaintiff signed a valid waiver of her right to bring a common law negligence claim, defendants are entitled to summary judgment on this issue[1].

## C. Benefits Under the Plan

Plaintiff also complains that defendants failed to provide her with proper medical treatment. Defendants argue that they provided her with medical benefits in the amount of $3,792.50 and that benefits were terminated when she voluntarily resigned (Mo. for Sum. Jmt., D.E. 19, Ex. B, p. 4; Ex. B-1, p. 8). Plaintiff offered no evidence that she was entitled to additional benefits or that her benefits should have continued after the termination of her employment. Accordingly, she has failed to show that a fact question exists on the issue of whether defendants fulfilled their contractual obligation to her and they are entitled to summary judgment.

---

[1]In Reyes v. Storage & Processors, Inc., 995 S.W.2d 722 (Tex. App.–San Antonio 1999, review denied) the court held that a waiver signed by an employee was void as against public policy because the benefits provided by the employer were substantially inferior to those provided by the Act. Plaintiff has not made a similar claim in this case and in the absence of such a claim, benefits of the Plan provided by defendants will not be compared to the benefits provided under the Act. See Wolfe, 24 S.W. 3d at 645.

4

For the above-stated reasons, defendants' motion for summary judgment (D.E. 19) is GRANTED and plaintiff's claims are DISMISSED with prejudice.

ORDERED this 20 day of March, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

5